This is an appeal from a decree of the Chancery Division enjoining the defendants from interfering with the plaintiffs' use of a driveway over a corner *Page 161 
of defendants' land. Defendants' property, which is vacant land, adjoins plaintiffs' lot, on which stands a dwelling house and in the rear a garage. From the garage runs the driveway which is the subject of the controversy. Plaintiffs claim an easement by prescription. In order to establish such an easement, they must prove an open, notorious and continuous user of the way for at least twenty years and that the user has been under a claim of right, adverse to the owner of the soil and with his acquiescence. Cobb v. Davenport, 32 N.J.L. 369 (Sup. Ct.
1867); Carlisle v. Cooper, 21 N.J. Eq. 576 (E. A. 1870);Coombs v. Atlantic City R. Co., 96 N.J. Eq. 709 (E. A.
1924). In the present case, the question is whether the user has continued for at least twenty years.
The defendants purchased their lot in 1946 and had it surveyed the following spring. They then discovered that the plaintiffs were using their land for access to the garage. In May they put a light barrier across the driveway and told Mr. Frankovich, one of the plaintiffs, not to touch it. Nevertheless he took it down, and they called in the police. A couple of weeks later the defendants erected a more substantial obstruction and again the plaintiffs removed it, and again the police were called. Finally, the defendants embedded an iron pole in the middle of the passageway which the plaintiffs did not succeed in removing for three weeks. In December, 1947, the plaintiffs brought their suit. The actions that I have recited put an end to the period on which the plaintiffs can rely. It cannot be said that after May, 1947, the plaintiffs' user was uninterrupted or that the owners of the fee acquiesced. The plaintiffs are driven to prove that the adverse user of the way began at the latest in May, 1927.
The land now owned by the plaintiffs was first built upon in the summer and early fall of 1926. Then the house and garage remained unoccupied and untenanted until March 1, 1928, when one of the plaintiffs' witnesses, Herman Kruse, bought the property from Harry E. Poeger, who was also a witness for the plaintiffs. Poeger's first connection with the property was as the contractor who installed the plumbing in the house and garage in 1926. In order to get materials *Page 162 
back to the garage Poeger — and we may assume other contractors — began the use of what in time became a well-defined way. "We drove in parallel to the house * * * it was to our advantage to drive in parallel to the house." This user was not founded on a claim of title, and it was not adverse to the owner. Poeger seems to have chosen the most convenient route over the vacant land without regard to boundaries. After the house was finished, a sewer was laid in the street, and Poeger connected the house with the sewer, and on this work, again drove across what is now defendants' land. Sometime before March 1, 1928, Poeger "had to take over the property." Such in substance is the evidence of the only user before Kruse took title on March 1, 1928. The plaintiffs entirely failed to prove any adverse user or claim of right before that date. From then until May, 1947, is less than the full period of twenty years which is necessary in order to establish an easement by prescription.
The judgment must be reversed.